917 So.2d 241 (2005)
R.C., Father of R.C., J.G., P.G., S.G., etc., Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
No. 5D05-2412.
District Court of Appeal of Florida, Fifth District.
December 9, 2005.
R. Mitchell Prugh, of Middleton & Prugh, P.A., Melrose, for Appellant.
Denise E. Mensh, St. Augustine, for Appellee.
GRIFFIN, J.
The sole issue in this appeal is the admission of hearsay testimony of child abuse in a post-dispositional context in a dependency case.
Not long after the adoption of a case plan for both parents of five severely neglected children, information came to light that two or more of the female children had been abused by their father. A Child Protection Team ["CPT"] investigator interviewed the nineteen-year-old sibling of the five children who revealed that she personally had been abused by her father and that two of her sisters told her they had also been abused both by the *242 father and the older brother. The Department of Children and Families ["DCF"] sought to suspend the father's visitation and to modify the case plan to require a psycho-sexual evaluation of the father. At the hearing, DCF relied on the testimony of the CPT investigator who interviewed the sister to support their motion. The trial court refused to admit the "double hearsay" offered, i.e. the CPT investigator's report of what the nineteen-year-old daughter had been told by the younger daughters. But the court did allow the CPT investigator to testify about what the nineteen-year-old had recounted had happened to her. The trial court appeared to allow it as an exception to hearsay  as a statement made for purposes of medical diagnosis. It did this based upon the CPT investigator's testimony that even though their investigations are "forensic," when information comes to light about sexual abuse and it gives rise to the need for medical treatment, then medical treatment will follow. Obviously, this will not qualify for the medical diagnosis exception to the hearsay rule. See State v. Frazier, 753 So.2d 644, 646 (Fla. 5th DCA 2000); State v. Ochoa, 576 So.2d 854 (Fla. 3d DCA 1991).
DCF urges on appeal that the hearsay was admissible. Section 39.521, Florida Statutes, dealing with disposition in dependency cases identifies many different kinds of evidence available, including the catch-all: "any other relevant and material evidence, including other written or oral reports, may be received by the court in its effort to determine the action to be taken with regard to the child and may be relied upon to the extent of its probative value, even though not competent in an adjudicatory hearing." On the other hand, section 39.601(9)(f), Florida Statutes, provides that the case plan may be amended by the court "based on competent evidence demonstrating the need for the amendment." Hearsay in this context is not competent. The witness will have to testify in support of DCF's motion.
REVERSED and REMANDED.
THOMPSON and MONACO, JJ., concur.