941 So.2d 352 (2006)
In re AMENDMENTS TO THE FLORIDA RULES OF APPELLATE PROCEDURE (OUT OF CYCLE).
No. SC06-159.
Supreme Court of Florida.
October 26, 2006.
Edward Maurice Mullins, Chair, Appellate Court Rules Committee, Astigarraga, Davis, Mullins and Grossman, P.A., Miami, Jack R. Reiter, Past Chair, Adorno and Ross, Miami, and Jack F. Harkness, Jr., Executive Director, The Florida Bar, Tallahassee, for Petitioner.
Ryan Thomas Truskoski, Orlando, Florida, Alan Abramowitz, Chair, Juvenile Court Rules Committee, Orlando, John Walsh, Managing Attorney, Legal Aid Society, Foster Children's Project, West Palm Beach, Dennis W. Moore, General Counsel and Thomas Wade Young, Appellate Counsel, Statewide Guardian ad Litem Office, Orlando, Responding with comments.
PER CURIAM.
The Florida Bar's Appellate Court Rules Committee (Committee) has filed an out-of-cycle report[1] of proposed amendments in accordance with Florida Rule of Judicial Administration 2.140(e). We have jurisdiction. See art. V, § 2(a), Fla. Const.

BACKGROUND
The Committee proposes amendments to rules 9.120 (Discretionary Proceedings to Review Decisions of District Courts of Appeal); 9.130 (Proceedings to Review Non-Final Orders and Specified Final Orders); 9.146 (Appeal Proceedings in Juvenile Dependency and Termination of Parental Rights Cases and Cases Involving Families and Children in Need of Services); 9.180 (Appeal Proceedings to Review Workers' Compensation Cases); 9.200 (The Record); 9.210 (Briefs); 9.300 (Motions); and 9.370 (Amicus Curiae). As required by rule 2.140(b)(2), prior to submission to the Court, a summary of the proposed rule amendments was published in the November 1, 2005, edition of The Florida Bar News and on the internet web site of The Florida Bar. No comments were received. The Committee filed its report with the Court on February 1, 2006, and the Court republished a summary of the proposals for comment in the March 1, 2006, edition of The Florida Bar News, and several comments were filed.
The Committee later filed in this Court a supplemental report proposing amendments to rule 9.140 (Appeal Proceedings in Criminal Cases) to correct a typographical mistake, a scrivener's error, and a stylistic change; this proposal was not published for comment. Having considered the Committee's reports, we adopt the amendments proposed by the Committee with the exceptions and modifications discussed below.

AMENDMENTS
First, with respect to rule 9.120, which governs discretionary proceedings to review decisions of the district courts of appeal, the Committee proposes deleting language that bars the filing of jurisdictional briefs in certified question and direct conflict cases. The effect of the amendment would be to require jurisdictional briefs when a district court certifies a question of great public importance or certifies direct conflict under rules 9.030(a)(2)(A)(v) or *353 9.030(a)(2)(A)(vi). Currently, rule 9.120(d) does not allow parties to file jurisdictional briefs in such cases. In considering this amendment, the Court has concluded that whereas jurisdictional briefing in cases of certified direct conflict would be beneficial to the Court, jurisdictional briefing in cases involving certified questions of great public importance would not be beneficial at this point; the Court routinely screens the latter group of cases on submission to make a preliminary determination concerning jurisdiction. We note, however, that the parties in cases involving certified questions of great public importance should continue to discuss in their merits briefs why the certified question is of great public importance.
Accordingly, we adopt a modified version of the proposed amendment to rule 9.120(d) as follows:
(d) Briefs on Jurisdiction. Petitioner's brief, limited solely to the issue of the supreme court's jurisdiction and accompanied by an appendix containing only a conformed copy of the decision of the district court of appeal, shall be served within 10 days of filing the notice. Respondent's brief on jurisdiction shall be served within 20 days after service of petitioner's brief. Formal requirements for both briefs are specified in rule 9.210. No reply brief shall be permitted. If jurisdiction is invoked under rules 9.030(a)(2)(A)(v) or (a)(2)(A)(vi) (certifications of questions of great public importance by the district courts to the supreme court), no briefs on jurisdiction shall be filed.
Next, the Committee proposes several changes to rule 9.130. First, the Committee proposes that subdivision (a)(3)(C)(ii) be amended to allow appeals from nonfinal orders granting, modifying, dissolving, or refusing to grant, modify, or dissolve writs of replevin, garnishment, or attachment. Second, the Committee proposes that subdivision (a)(3)(C)(iii) be amended to authorize appeals of nonfinal orders determining the right to child custody in juvenile dependency and termination of parental rights cases. And third, the Committee proposes that subdivision (a)(5) be amended to reference the right to immediate review of any authorized motions for relief from judgment rather than enumerating the various motions for relief from judgment contained in the rules. Upon considering all these proposed amendments to rule 9.130, the Court declines to adopt them at this time. This matter currently is the subject of an ongoing study by the Court, and the Court will consider any proposed changes to this rule after that study has been completed.
The title to rule 9.146(b) is amended to read "Who May Appeal," instead of "Appeals Permitted." This is done to clarify who may take an appeal in matters covered by the rule and to confirm that the rule does not provide any independent right to appeal that exists outside rule 9.130 with respect to nonfinal orders.
Rule 9.200, which governs the record on appeal, is amended in two ways. First, subdivision (a)(2) is amended to provide that in dependency and termination of parental rights cases as well as in cases involving families and children in need of services, the original orders and judgments shall remain with the trial court, with copies being forwarded to the appellate court as part of the record. This is consistent with the treatment of similar orders in family law cases. And second, subdivision (b)(2) is amended to require court reporters to include an electronic version of the transcript with each hard copy designated for inclusion in the record on appeal. The Committee's report shows that none of the court reporters contacted by the Committee expressed any objection *354 to this procedure; certain courts already adhere to this practice, as do many attorneys; and the cost is nominal.
Rule 9.210(a)(5) is amended to address cross-appeals and to extend the page limitation for the answer brief/initial brief of appellee/cross-appellant from fifty pages to eighty-five pages. By letter to the Committee, Thomas Hall, Clerk of the Supreme Court, requested that the Committee inquire into this issue. After an exhaustive review of other jurisdictions, the Committee proposed the present amendment. This amendment facilitates a balanced presentation of argument by equalizing the number of pages available to both an appellant and a cross-appellant.
Rule 9.300(d), which addresses motions not tolling time, is amended to eliminate the requirement in subdivision (10) that a litigant seeking an extension of time in this Court must also file a separate request to toll time. Florida Supreme Court Clerk Tom Hall advised the Committee that the current requirement places an administrative burden on the Court by requiring a litigant to file duplicative documents. The amendment deletes subdivision (10) from the rule. Under the amended version of the rule, a motion for extension of time filed in this Court automatically tolls the applicable time periods, which is consistent with the effect of a motion for extension of time filed in a district court of appeal.
And finally, rule 9.370(c), which addresses the time for filing amicus curiae briefs, is amended to clarify that the time for submitting an amicus brief runs from the time of service of the initial brief, petition, or response, rather than from the time of filing. The proposal further clarifies that the service of an amicus brief does not alter or extend the briefing deadlines for the parties. The amendment changes the subdivision's title to reflect that it is the time of service, not the time of filing, that triggers the amicus briefing timetable.
We hereby adopt the amendments to the Florida Rules of Appellate Procedure as set forth in the appendix to this opinion.[2] New language is indicated by underscoring; deletions are indicated by struck-through type. The committee notes are offered for explanation only and are not adopted as an official part of the rules. The amendments shall become effective January 1, 2007, at 12:01 a.m.
It is so ordered.
LEWIS, C.J., and WELLS, ANSTEAD, PARIENTE, QUINCE, CANTERO, and BELL, JJ., concur.

APPENDIX
RULE 9.120. DISCRETIONARY PROCEEDINGS TO REVIEW DECISIONS OF DISTRICT COURTS OF APPEAL
(a) [No change]
(b) [No Change]
(c) [No Change]
(d) Briefs on Jurisdiction. Petitioner's brief, limited solely to the issue of the supreme court's jurisdiction and accompanied by an appendix containing only a conformed copy of the decision of the district court of appeal, shall be served within 10 days of filing the notice. Respondent's brief on jurisdiction shall be served within 20 days after service of petitioner's brief. Formal requirements for both briefs are specified in rule 9.210. No reply brief shall be permitted. If jurisdiction is invoked under rules 9.030(a)(2)(A)(v) or (a)(2)(A)(vi) (certifications of questions of great public importance by the district *355 courts to the supreme court), no briefs on jurisdiction shall be filed.
(e) [No Change]
(f) [No Change]

Committee Notes

[No Change]
RULE 9.140. APPEAL PROCEEDINGS IN CRIMINAL CASES
(a) [No Change]
(b) Appeals by Defendant.
(1) Appeals Permitted. A defendant may appeal
(A) a final judgment adjudicating guilt;
(B) a final order withholding adjudication after a finding of guilt;
(C) an order granting probation or community control, or both, whether or not guilt has been adjudicated;
(D) orders entered after final judgment or finding of guilt, including orders revoking or modifying probation or community control, or both, or orders denying relief under Florida Rule of Criminal Procedure 3.800(a), 3.850, or 3.853;
(E) an unlawful or illegal sentence;
(F) a sentence, if the appeal is required or permitted by general law; or
(G) as otherwise provided by general law.
(2) Guilty or Nolo Contendere Pleas.
(A) Pleas. A defendant may not appeal from a guilty or nolo contendere plea except as follows:
(i) Reservation of Right to Appeal. A defendant who pleads guilty or nolo contendere may expressly reserve the right to appeal a prior dispositive order of the lower tribunal, identifying with particularity the point of law being reserved.
(ii) Appeals Otherwise Allowed. A defendant who pleads guilty or nolo contendere may otherwise directly appeal only
a. the lower tribunal's lack of subject matter jurisdiction;
b. a violation of the plea agreement, if preserved by a motion to withdraw plea;
c. an involuntary plea, if preserved by a motion to withdraw plea;
d. a sentencing error, if preserved; or
e. as otherwise provided by law.
(B) Record.
(i) Except for appeals under subdivision (b)(2)(A)(i) of this rule, the record for appeals involving a plea of guilty or nolo contendere shall be limited to:
a. all indictments, informations, affidavits of violation of probation or community control, and other charging documents;
b. the plea and sentencing hearing transcripts;
c. any written plea agreements;
d. any judgments, sentences, scoresheets, motions, and orders to correct or modify sentences, orders imposing, modifying, or revoking probation or community control, orders assessing costs, fees, fines, or restitution against the defendant, and any other documents relating to sentencing;
e. any motion to withdraw plea and order thereon;
f. notice of appeal, statement of judicial acts to be reviewed, directions to the clerk, and designation to the court reporter.
(ii) Upon good cause shown, the court, or the lower tribunal before the record is transmitted, may expand the record.
*356 (3) Commencement. The defendant shall file the notice prescribed by rule 9.110(d) with the clerk of the lower tribunal at any time between the rendition of a final judgment and 30 days following rendition of a written order imposing sentence. Copies shall be served on the state attorney and attorney general.
(4) Cross-Appeal. A defendant may cross-appeal by serving a notice within 10 days of service of the state's notice or service of an order on a motion pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). Review of cross-appeals before trial is limited to related issues resolved in the same order being appealed.
(c) [No Change]
(d) Withdrawal of Defense Counsel after Judgment and Sentence or (After (after Appeal by State.
(1) The attorney of record for a defendant in a criminal proceeding shall not be relieved of any professional duties, or be permitted to withdraw as defense counsel of record, except with approval of the lower tribunal on good cause shown on written motion, until either the time has expired for filing an authorized notice of appeal and no such notice has been filed by the defendant or the state, or after the following have been completed:
(A) a notice of appeal or cross-appeal has been filed on behalf of the defendant or the state;
(B) a statement of judicial acts to be reviewed has been filed if a transcript will require the expenditure of public funds;
(C) the defendant's directions to the clerk have been filed, if necessary;
(D) designations to the court reporter have been filed for transcripts of those portions of the proceedings necessary to support the issues on appeal or, if transcripts will require the expenditure of public funds for the defendant, of those portions of the proceedings necessary to support the statement of judicial acts to be reviewed; and
(E) in publicly funded defense and state appeals, the lower tribunal has appointed the public defender for the local circuit court, who shall initially remain counsel for the appeal until the record is transmitted to the appellate court. In publicly funded state appeals, defense counsel shall additionally file in the appellate court a copy of the order appointing the local public defender. In non-publicly funded defense and state appeals, retained appellate counsel shall file a notice of appearance in the appellate court, or defense counsel of record shall file a motion to withdraw in the appellate court, with service on the defendant, that states what the defendant's legal representation on appeal, if any, is expected to be. Documents filed in the appellate court shall be served on the attorney general (or state attorney in appeals to the circuit court).
(2) Orders allowing withdrawal of counsel are conditional and counsel shall remain of record for the limited purpose of representing the defendant in the lower tribunal regarding any sentencing error the lower tribunal is authorized to address during the pendency of the direct appeal pursuant to Florida Rule of Criminal Procedure 3.800(b)(2).
(e) [No Change]
(f) [No Change]
(g) [No Change]
(h) [No Change]
(i) [No Change]

*357 Committee Notes

[No Change]
RULE 9.146. APPEAL PROCEEDINGS IN JUVENILE DEPENDENCY AND TERMINATION OF PARENTAL RIGHTS CASES AND CASES INVOLVING FAMILIES AND CHILDREN IN NEED OF SERVICES
(a) [No Change]
(b) Who May Appeal Appeals Permitted. Any child, any parent, guardian ad litem, or legal custodian of any child, any other party to the proceeding affected by an order of the lower tribunal, or the appropriate state agency as provided by law may appeal to the appropriate court within the time and in the manner prescribed by these rules.
(c) [No Change]
(d) [No Change]
(e) [No Change]
(f) [No Change]
(g) [No Change]

Committee Notes
1996 Adoption. The reference in subdivision (a) to cases involving families and children in need of services encompasses only those cases in which an order has been entered adjudicating a child or family in need of services under chapter 39, Florida Statutes.
Subdivision (c) requires the parties to use initials in all references to the child and parents in all briefs and other papers filed in the court in furtherance of the appeal. It does not require the deletion of the names of the child and parents from pleadings and other papers transmitted to the court from the lower tribunal.
2006 Amendment. The title to subdivision (b) was changed from "Appeals Permitted" to clarify that this rule addresses who may take an appeal in matters covered by this rule. The amendment is intended to approve the holding in D.K.B. v. Department of Children & Families, 890 So.2d 1288 (Fla. 2d DCA 2005), that non-final orders in these matters may be appealed only if listed in rule 9.130.
RULE 9.180. APPEAL PROCEEDINGS TO REVIEW WORKERS' COMPENSATION CASES
(a) [No Change]
(b) [No Change]
(c) [No Change]
(d) [No Change]
(e) [No Change]
(f) Record Contents: Final Orders.
(1) Transcript, Order, and Other Documents. The record shall contain the claim(s) or petition(s) for benefits, notice(s) of denial, pretrial stipulation, pretrial order, depositions or exhibits admitted into evidence, transcripts of any hearings before the lower tribunal and the order appealed. The parties may designate other items for inclusion in or omission from the record in accordance with rule 9.200.
(2) Proffered Evidence. Evidence proffered but not introduced into evidence at the hearing shall not be considered unless its admissibility is an issue on appeal and the question is properly designated for inclusion in the record by a party.
(3) Certification and Transmittal. The lower tribunal shall certify and transmit the record to the court as prescribed by these rules.
(4) Stipulated Record. The parties may stipulate to the contents of the record. In such a case the record shall consist of the stipulated statement and the order appealed *358 which the lower tribunal shall certify as the record on appeal.
(5) Costs.
(A) Notice of Estimated Costs. Within 5 days after the contents of the record have been determined under these rules, the lower tribunal shall notify the appellant of the estimated cost of preparing the record. The lower tribunal also shall notify the Division of Workers' Compensation of the estimated record costs if the appellant files a verified petition to be relieved of costs and a sworn financial affidavit in substantially the same form as form 4.9125 of the Rules of Workers' Compensation Procedure.
(B) Deposit of Estimated Costs. Within 15 days after the notice of estimated costs is served, the appellant shall deposit a sum of money equal to the estimated costs with the lower tribunal.
(C) Failure to Deposit Costs. If the appellant fails to deposit the estimated costs within the time prescribed, the lower tribunal shall notify the court, which may dismiss the appeal.
(D) State Agencies: Waiver of Costs. Any self-insured state agency or branch of state government, including the dDivision of Workers' Compensation and the Special Disability Trust Fund, need not deposit the estimated costs.
(E) Costs. If additional costs are incurred in correcting, amending, or supplementing the record, the lower tribunal shall assess such costs against the appropriate party. If the dDivision of Workers' Compensation is obligated to pay the costs of the appeal due to appellant's indigency, it must be given notice of any proceeding to assess additional costs. Within 15 days after the entry of the order assessing costs, the assessed party must deposit the sums so ordered with the lower tribunal. The lower tribunal shall promptly notify the court if costs are not deposited as required.
(6) Preparation of Record.
(A) Selection of Reporter by Lower Tribunal. The lower tribunal shall supervise the preparation of the record. The lower tribunal or chief judge of compensation claims shall select the reporter or transcriber to prepare the record. The judge who makes the selection shall give the parties notice of the selection.
(B) Objection to Reporter or Transcriber Selected. Any party may object to the reporter or transcriber selected by filing written objections with the judge who made the selection within 15 days after service of notice of the selection. Within 5 days after filing the objection, the judge shall hold a hearing on the issue. In such a case, the time limits mandated by these rules shall be appropriately extended.
(C) Certification of Record by Court Reporter or Transcriber. The reporter or transcriber designated by the lower tribunal or chief judge of compensation claims shall transcribe, certify, and deliver all necessary copies of the record to the lower tribunal as required under these rules. The record shall be delivered in sufficient time for the lower tribunal to review the record and send it to the court. The reporter or transcriber shall promptly notify all parties in writing when the record is delivered to the lower tribunal.
(D) Certification and Transmittal by Lower Tribunal. The lower tribunal shall review the original record, certify that it was prepared in accordance with these rules, and within 60 days of the notice of appeal being filed transmit the record to the court.

*359 (E) Copies. The lower tribunal shall provide a copy of the record to all counsel of record and all unrepresented parties.
(7) Extensions. For good cause, the lower tribunal may extend by no more than 30 days the time for filing the record with the court. Any further extension of time may be granted by the court.
(8) Applicability of Rule 9.200. Rules 9.200(a)(3), (c), and (f) shall apply to preparation of the record in appeals under this rule.
(g) Relief From Filing Fee and Costs: Indigency.
(1) Indigency Defined. Indigency for the purpose of this rule is synonymous with insolvency as defined by section 440.02, Florida Statutes.
(2) Filing Fee.
(A) Authority. An appellant may be relieved of paying filing fees by filing a verified petition or motion of indigency under section 57.081(1), Florida Statutes, with the lower tribunal.
(B) Time. The verified petition or motion of indigency must be filed with the lower tribunal together with the notice of appeal.
(C) Verified Petition: Contents. The verified petition or motion shall contain a statement by the appellant to be relieved of paying filing fees due to indigency and appellant's inability to pay the charges. The petition shall request that the lower tribunal enter an order or certificate of indigency. One of the following shall also be filed in support of the verified petition or motion:
(i) If the appellant is unrepresented by counsel, a financial affidavit; or
(ii) If the appellant is represented by counsel, counsel shall certify that counsel has investigated (a) the appellant's financial condition and finds appellant indigent; and (b) the nature of appellant's position and believes it to be meritorious as a matter of law. Counsel shall also certify that counsel has not been paid or promised payment of a fee or other remuneration for such legal services except for the amount, if any, ultimately approved by the lower tribunal to be paid by the employer/carrier if such entitlement is determined by the court.
(D) Service. Appellant shall serve a copy of the verified petition or motion of indigency, including appellant's financial affidavit or counsel's certificate, whichever is applicable, on all interested parties and the clerk of the court.
(E) Order or Certificate of Indigency. The lower tribunal shall review the verified petition or motion for indigency and supporting documents without a hearing, and if the lower tribunal finds compliance with section 57.081(1), Florida Statutes, may issue a certificate of indigency or enter an order granting said relief, at which time appellant may proceed without further application to the court and without payment of any filing fees. If the lower tribunal enters an order denying relief, appellant shall deposit the filing fee with the lower tribunal within 15 days from the date of the order unless timely review is sought by motion filed with the court.
(3) Costs of Preparation of Record.
(A) Authority. An appellant may be relieved in whole or in part from the costs of the preparation of the record on appeal by filing with the lower tribunal a verified petition to be relieved of costs and a copy of the designation of the record on appeal. The verified petition to be relieved of costs shall contain a sworn financial affidavit as described in subdivision (D) in a form substantially *360 the same as form 4.9125 of the Rules of Workers' Compensation Procedure.
(B) Time. The verified petition to be relieved of costs must be filed within 15 days after service of the notice of estimated costs. A verified petition filed prior to the date of service of the notice of estimated costs shall be deemed not timely.
(C) Verified Petition: Contents. The verified petition shall contain a request by appellant to be relieved of costs due to insolvency. The petition also shall include a statement by the appellant's attorney or the appellant, if not represented by an attorney, that the appeal was filed in good faith and the court reasonably could find reversible error in the record and shall state with particularity the specific legal and factual grounds for that opinion.
(D) Sworn Financial Affidavit: Contents. With the verified petition to be relieved of costs, the appellant shall file a sworn financial affidavit listing income and assets, including marital income and assets, and expenses and liabilities. The sworn financial affidavit shall be substantially the same as form 4.9125.
(E) Verified Petition and Sworn Financial Affidavit: Service. The appellant shall serve a copy of the verified petition to be relieved of costs, including the sworn financial affidavit, on all interested parties, including the Division of Workers' Compensation, the office of general counsel of the Department of Financial Services, and the clerk of the court.
(F) Hearing on Petition to Be Relieved of Costs. After giving 15 days' notice to the Division of Workers' Compensation and all parties, the lower tribunal shall promptly hold a hearing and rule on the merits of the petition to be relieved of costs. However, if no objection to the petition is filed by the division or a party within 20 days after the petition is served, the lower tribunal may enter an order on the merits of the petition without a hearing.
(G) Extension of Appeal Deadlines: Petition Granted. If the petition to be relieved of the entire cost of the preparation of the record on appeal is granted, the 60-day period allowed under these rules for the preparation of the record shall begin to run from the date of the order granting the petition.
(H) Extension of Appeal Deadlines: Petition Denied. If the petition to be relieved of the cost of the record is denied or only granted in part, the petitioner shall deposit the estimated costs with the lower tribunal within 15 days from the date the order denying the petition is entered. The 60-day period allowed under these rules for the preparation of the record shall begin from the date the estimated cost is deposited with the lower tribunal.
(I) Payment of Cost for Preparation of Record by Administration Trust Fund. If the petition to be relieved of costs is granted, the lower tribunal may order the Workers' Compensation Administration Trust Fund to pay the cost of the preparation of the record on appeal pending the final disposition of the appeal. The lower tribunal shall provide a copy of such order to all interested parties, including the division, general counsel of the Department of Financial Services, and the clerk of the court.
(J) Reimbursement of Administration Trust Fund If Appeal Is Successful. If the Administration Trust Fund has paid the costs of the preparation of the record and the appellant prevails at the conclusion of the appeal, the appellee shall reimburse the fund the costs paid within 30 days of the mandate issued by the court or supreme court under these rules.
*361 (h) [No Change]
(i) [No Change]

Committee Notes

[No Change]
RULE 9.200. THE RECORD
(a) Contents.
(1) Except as otherwise designated by the parties, the record shall consist of the original documents, exhibits, and transcript(s) of proceedings, if any, filed in the lower tribunal, except summonses, praecipes, subpoenas, returns, notices of hearing or of taking deposition, depositions, other discovery, and physical evidence. The record shall also include a progress docket.
(2) In family law, juvenile dependency, and termination of parental rights cases, and cases involving families and children in need of services, the record shall include those items designated in subdivision (a)(1) except that the clerk of the lower tribunal shall retain the original orders, reports and recommendations of magistrates or hearing officers, and judgments within the file of the lower tribunal and shall include copies thereof within the record.
(3) Within 10 days of filing the notice of appeal, an appellant may direct the clerk to include or exclude other documents or exhibits filed in the lower tribunal. The directions shall be substantially in the form prescribed by rule 9.900(f). If the clerk is directed to transmit less than the entire record or a transcript of trial with less than all of the testimony, the appellant shall serve with such direction a statement of the judicial acts to be reviewed. Within 20 days of filing the notice, an appellee may direct the clerk to include additional documents and exhibits.
(4) The parties may prepare a stipulated statement showing how the issues to be presented arose and were decided in the lower tribunal, attaching a copy of the order to be reviewed and as much of the record in the lower tribunal as is necessary to a determination of the issues to be presented. The parties shall advise the clerk of their intention to rely on a stipulated statement in lieu of the record as early in advance of filing as possible. The stipulated statement shall be filed by the parties and transmitted to the court by the clerk of the lower tribunal within the time prescribed for transmittal of the record.
(b) Transcript(s) of Proceedings.
(1) Within 10 days of filing the notice, the appellant shall designate those portions of the proceedings not on file deemed necessary for transcription and inclusion in the record. Within 20 days of filing the notice, an appellee may designate additional portions of the proceedings. Copies of designations shall be served on the court reporter. Costs of the original and all copies of the transcript(s) so designated shall be borne initially by the designating party, subject to appropriate taxation of costs as prescribed by rule 9.400. At the time of the designation, unless other satisfactory arrangements have been made, the designating party must make a deposit of 1/2 of the estimated transcript costs, and must pay the full balance of the fee on delivery of the completed transcript(s).
(2) Within 30 days of service of a designation, or within the additional time provided for under subdivision (b)(3) of this rule, the court reporter shall transcribe and deliver tofile with the clerk of the lower tribunal the designated proceedings and shall furnishserve copies as requested in the designation. In addition to the paper copies, the court reporter shall file with the clerk of the lower tribunal and serve on the designated parties an electronic copy of the designated proceedings in a format approved by the supreme *362 court. If a designating party directs the court reporter to furnish the transcript(s) to fewer than all parties, that designating party shall serve a copy of the designated transcript(s), in both electronic and paper form, on the parties within 5 days of receipt from the court reporter. The transcript of the trial shall be securely bound in consecutively numbered volumes not to exceed 200 pages each, and each page shall be numbered consecutively. Each volume shall be prefaced by an index containing the names of the witnesses, a list of all exhibits offered and introduced in evidence, and the pages where each may be found.
(3) On service of a designation, the reporter shall acknowledge at the foot of the designation the fact that it has been received and the date on which the reporter expects to have the transcript(s) completed and shall transmit the designation, so endorsed, to the parties and to the clerk of the appellate court within 5 days of service. If the transcript(s) cannot be completed within 30 days of service of the designation, the reporter shall request such additional time as is reasonably necessary and shall state the reasons therefor. If the reporter requests an extension of time, the court shall allow the parties 5 days in which to object or agree. The appellate court shall approve the request or take other appropriate action and shall notify the reporter and the parties of the due date of the transcript(s).
(4) If no report of the proceedings was made, or if the transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement shall be served on the appellee, who may serve objections or proposed amendments to it within 10 days of service. Thereafter, the statement and any objections or proposed amendments shall be submitted to the lower tribunal for settlement and approval. As settled and approved, the statement shall be included by the clerk of the lower tribunal in the record.
(c) [No Change]
(d) [No Change]
(e) [No Change]
(f) [No Change]
(g) [No Change]

Committee Notes
1977 Amendment. This rule replaces former rule 3.6 and represents a complete revision of the matters pertaining to the record for an appellate proceeding. References in this rule to "appellant" and "appellee" should be treated as equivalent to "petitioner" and "respondent," respectively. See Commentary, Fla. R.App. P. 9.020. This rule is based in part on Federal Rule of Appellate Procedure 10(b).
Subdivision (a)(1) establishes the content of the record unless an appellant within 10 days of filing the notice directs the clerk to exclude portions of the record or to include additional portions, or the appellee within 20 days of the notice being filed directs inclusion of additional portions. In lieu of a record, the parties may prepare a stipulated statement, attaching a copy of the order that is sought to be reviewed and essential portions of the record. If a stipulated statement is prepared, the parties must advise the clerk not to prepare the record. The stipulated statement is to be filed and transmitted within the time prescribed for transmittal of the record. If less than a full record is to be used, the initiating party must serve a statement of the judicial acts to be reviewed so that the opposing party may determine whether additional portions of the record are required. Such a statement is not intended to be the equivalent of assignments of *363 error under former rule 3.5. Any inadequacy in the statement may be cured by motion to supplement the record under subdivision (f) of this rule.
Subdivision (a) interacts with subdivision (b) so that as soon as the notice is filed the clerk of the lower tribunal will prepare and transmit the complete record of the case as described by the rule. To include in the record any of the items automatically omitted, a party must designate the items desired. A transcript of the proceedings in the lower tribunal will not be prepared or transmitted unless already filed, or the parties designate the portions of the transcript desired to be transmitted. Subdivision (b)(2) imposes on the reporter an affirmative duty to prepare the transcript of the proceedings as soon as designated. It is intended that to complete the preparation of all official papers to be filed with the court, the appellant need only file the notice, designate omitted portions of the record that are desired, and designate the desired portions of the transcript. It therefore will be unnecessary to file directions with the clerk of the lower tribunal in most cases.
Subdivision (b)(1) replaces former rule 3.6(d)(2), and specifically requires service of the designation on the court reporter. This is intended to avoid delays that sometimes occur when a party files the designation, but fails to notify the court reporter that a transcript is needed. The rule also establishes the responsibility of the designating party to initially bear the cost of the transcript.
Subdivision (b)(2) replaces former rule 3.6(e). This rule provides for the form of the transcript, and imposes on the reporter the affirmative duty of delivering copies of the transcript to the ordering parties on request. Such a request may be included in the designation. Under subdivision (e), however, the responsibility for ensuring performance remains with the parties. The requirement that pages be consecutively numbered is new and is deemed necessary to assure continuity and ease of reference for the convenience of the court. This requirement applies even if 2 or more parties designate portions of the proceedings for transcription. It is intended that the transcript portions transmitted to the court constitute a single consecutively numbered document in 1 or more volumes not exceeding 200 pages each. If there is more than 1 court reporter, the clerk will renumber the pages of the transcript copies so that they are sequential. The requirement of a complete index at the beginning of each volume is new, and is necessary to standardize the format and to guide those preparing transcripts.
Subdivision (b)(3) provides the procedures to be followed if no transcript is available.
Subdivision (c) provides the procedures to be followed if there is a cross-appeal or cross-petition.
Subdivision (d) sets forth the manner in which the clerk of the lower tribunal is to prepare the record. The original record is to be transmitted unless the parties stipulate or the lower court orders the original be retained, except that under rule 9.140(d) (governing criminal cases), the original is to be retained unless the court orders otherwise.
Subdivision (e) places the burden of enforcement of this rule on the appellant or petitioner, but any party may move for an order requiring adherence to the rule.
Subdivision (f) replaces former rule 3.6(l). The new rule is intended to ensure that appellate proceedings will be decided on their merits and that no showing of good cause, negligence, or accident is required before the lower tribunal or the *364 court orders the completion of the record. This rule is intended to ensure that any portion of the record in the lower tribunal that is material to a decision by the court will be available to the court. It is specifically intended to avoid those situations that have occurred in the past when an order has been affirmed because appellate counsel failed to bring up the portions of the record necessary to determine whether there was an error. See Pan American Metal Prods. Co. v. Healy, 138 So.2d 96 (Fla. 3d DCA 1962). The rule is not intended to cure inadequacies in the record that result from the failure of a party to make a proper record during the proceedings in the lower tribunal. The purpose of the rule is to give the parties an opportunity to have the appellate proceedings decided on the record developed in the lower tribunal. This rule does not impose on the lower tribunal or the court a duty to review on their own the adequacy of the preparation of the record. A failure to supplement the record after notice by the court may be held against the party at fault.
Subdivision (g) requires that the record in civil cases be returned to the lower tribunal after final disposition by the court regardless of whether the original record or a copy was used. The court may retain or return the record in criminal cases according to its internal administration policies.
1980 Amendment. Subdivisions (b)(1) and (b)(2) were amended to specify that the party designating portions of the transcript for inclusion in the record on appeal shall pay for the cost of transcription and shall pay for and furnish a copy of the portions designated for all opposing parties. See rule 9.420(b) and 1980 committee note thereto relating to limitations of number of copies.
1987 Amendment. Subdivision (b)(3) above is patterned after Federal Rule of Appellate Procedure 11(b).
1992 Amendment. Subdivisions (b)(2), (d)(1)(A), and (d)(1)(B) were amended to standardize the lower court clerk's procedure with respect to the placement and pagination of the transcript in the record on appeal. This amendment places the duty of paginating the transcript on the court reporter and requires the clerk to include the transcript at the end of the record, without repagination.
1996 Amendment. Subdivision (a)(2) was added because family law cases frequently have continuing activity at the lower tribunal level during the pendency of appellate proceedings and that continued activity may be hampered by the absence of orders being enforced during the pendency of the appeal.
Subdivision (b)(2) was amended to change the wording in the third sentence from "transcript of proceedings" to "transcript of the trial" to be consistent with and to clarify the requirement in subdivision (d)(1)(B) that it is only the transcript of trial that is not to be renumbered by the clerk. Pursuant to subdivision (d)(1)(B), it remains the duty of the clerk to consecutively number transcripts other than the transcript of the trial. Subdivision (b)(2) retains the requirement that the court reporter is to number each page of the transcript of the trial consecutively, but it is the committee's view that if the consecutive pagination requirement is impracticable or becomes a hardship for the court reporting entity, relief may be sought from the court.
2006 Amendment. Subdivision (a)(2) is amended to apply to juvenile dependency and termination of parental rights cases and cases involving families and children in need of services. The justification for retaining the original orders, reports, and *365 recommendations of magistrate or hearing officers, and judgments within the file of the lower tribunal in family law cases applies with equal force in juvenile dependency and termination of parental rights cases, and cases involving families and children in need of services.
RULE 9.210. BRIEFS
(a) Generally. In addition to briefs on jurisdiction under rule 9.120(d), the only briefs permitted to be filed by the parties in any one proceeding are the initial brief, the answer brief, a reply brief, and a cross-reply brief. All briefs required by these rules shall be prepared as follows:
(1) Briefs shall be printed, typewritten, or duplicated on opaque, white, unglossed 8½-by-11 inch paper.
(2) The lettering in briefs shall be black and in distinct type, double-spaced, with margins no less than 1 inch. Lettering in script or type made in imitation of handwriting shall not be permitted. Footnotes and quotations may be single spaced and shall be in the same size type, with the same spacing between characters, as the text. Computer-generated briefs shall be submitted in either Times New Roman 14-point font or Courier New 12-point font. All computer-generated briefs shall contain a certificate of compliance signed by counsel, or the party if unrepresented, certifying that the brief complies with the font requirements of this rule. The certificate of compliance shall be contained in the brief immediately following the certificate of service.
(3) Briefs shall be securely bound in book form and fastened along the left side in a manner that will allow them to lie flat when opened or be securely stapled in the upper left corner. Headings and subheadings shall be at least as large as the brief text and may be single spaced.
(4) The cover sheet of each brief shall state the name of the court, the style of the cause, including the case number if assigned, the lower tribunal, the party on whose behalf the brief is filed, the type of brief, and the name and address of the attorney filing the brief.
(5) The initial and answer briefs shall not exceed 50 pages in length., provided that if a cross-appeal has been filed, the answer brief/initial brief on cross-appeal shall not exceed 85 pages. Reply briefs shall not exceed 15 pages in length; provided that if a cross-appeal has been filed, the reply brief shall not exceed 50 pages, not more than 15 of which shall be devoted to argument replying to the answer portion of the appellee/cross-appellant's brief. Cross-reply briefs shall not exceed 15 pages. Briefs on jurisdiction shall not exceed 10 pages. The table of contents and the citation of authorities shall be excluded from the computation. Longer briefs may be permitted by the court.
(b) [No Change]
(c) [No Change]
(d) [No Change]
(e) [No Change]
(f) [No Change]
(g) [No Change]
(h) [No Change]

Committee Notes

[No Change]

Court Commentary

[No Change]
RULE 9.300. MOTIONS
(a) [No Change]
(b) [No Change]
(c) [No Change]
(d) Motions Not Tolling Time.
(1) Motions for post-trial release, rule 9.140(g).
*366 (2) Motions for stay pending appeal, rule 9.310.
(3) Motions relating to oral argument, rule 9.320.
(4) Motions relating to joinder and substitution of parties, rule 9.360.
(5) Motions relating to amicus curiae, rule 9.370.
(6) Motions relating to attorneys' fees on appeal, rule 9.400.
(7) Motions relating to service, rule 9.420.
(8) Motions relating to admission or withdrawal of attorneys, rule 9.440.
(9) Motions relating to expediting the appeal.
(10) All motions filed in the supreme court, unless accompanied by a separate request to toll time.

Committee Notes

[No Change]

RULE 9.370. AMICUS CURIAE
(a) [No Change]
(b) [No Change]
(c) Time for FilingService. An amicus curiae must serve its brief no later than 5 days after the first brief, petition, or response of the party being supported is served. An amicus curiae that does not support either party must serve its brief no later than 5 days after the initial brief or petition is filedserved. A court may grant leave for later service, specifying the time within which an opposing party may respond. The service of an amicus curiae brief does not alter or extend the briefing deadlines for the parties. An amicus curiae may not file a reply brief.

Committee Notes

[No Change]
NOTES
[1] Although the report is titled "Two-Year-Cycle Report of the Appellate Court Rules Committee," the report is in fact an out-of-cycle report; the Committee's regular reporting date was recently changed to 2008. See Fla. R. Jud. Admin. 2.140(b)(1).
[2] In addition to the amendments discussed above, there are also several editorial and housekeeping amendments as reflected in the appendix.