# Third District Court of Appeal

## State of Florida

Opinion filed March 2, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-13
Lower Tribunal No. 21-15087
_____


**R.R., The Mother,**
Petitioner,

vs.

**Department of Children and Families, et al.,**
Respondents.


A Writ of Certiorari to the Circuit Court for Miami-Dade County, Rosy Aponte, Judge.

Eugene F. Zenobi, Criminal Conflict and Civil Regional Counsel, Third Region, and Kevin Coyle Colbert, Assistant Regional Counsel, for petitioner.

Karla Perkins, for respondent Department of Children and Families;, Sara Elizabeth Goldfarb and Stephanie E. Novenario (Tallahassee), for respondent Guardian ad Litem.


Before LOGUE, HENDON, and LOBREE, JJ.

LOGUE, J.

R.R., the mother, whose minor children were adjudicated dependent, petitions for a writ of certiorari to quash a non-final order that modified the goal of her case plan from reunification to adoption. The question presented is whether inadmissible hearsay qualifies as "competent evidence" of the sort required to amend a case plan under Rule 8.420(4) of the Florida Rules of Juvenile Procedure. We hold that it does not and issue the writ.

## JURISDICTION

Because the order under review changed the goal of the case plan from reunification to adoption, the Department is no longer required to provide services with the goal of reunification. This circumstance constitutes irreparable harm sufficient to meet the jurisdictional prerequisites for granting certiorari relief. S.C.P. v. Dep't of Child. & Fams., 220 So. 3d 1290, 1290–91 (Fla. 3d DCA 2017) (granting a petition for certiorari where a court changed a case plan from reunification to adoption without providing the required hearing). In so holding, we note that this is not a case like M.L. v. Department of Children & Families, 282 So. 3d 1022 (Fla. 3d DCA 2019), where we found no irreparable harm when a court made a similar change in the goal of a case plan but also ordered the continuation of reunification services.

## BACKGROUND

The two minor children at issue, A.S. and L.R., were sheltered from the Mother on March 2, 2021. The Mother's case plan had a primary goal of reunification and a projected date of November 12, 2021. The Mother's case plan required her to undergo substance abuse treatment, among other things. After an August 2021 judicial review hearing, the trial court found the mother to be partially compliant with the case plan because she had entered an inpatient substance abuse program.

Later, the Department sought to change the goal of the case plan from reunification to adoption. It was concerned that the Mother had dropped out of the inpatient program, that the Mother was failing to maintain contact with the Department, and that the childrens' status was not moving towards a permanent resolution within the one-year period mandated by section 39.6011(d), Florida Statutes. An evidentiary hearing was held on November 15, 2021.

One factual issue concerned whether the Mother was unable to be contacted and had failed to visit the children. Apparently, the case manager in charge of this matter had left the Department's employment and was unavailable to testify. On this issue, the current case manager testified that she had not yet personally attempted to contact the mother. The supervisor of the prior case manager testified that certain records made by the prior

3

case manager were business records and the trial court admitted those records over objection. Those records indicated that the prior case manager had unsuccessfully attempted to telephone the Mother on September 29, 2021 and October 14, 2021. The records also indicated, however, that the Department and the Mother had contact over the telephone on October 19, 2021. In that last contact, the Mother stated she was seeking service, reunification, and visitation. The supervisor also testified that certain logs, not admitted into evidence, indicated the mother had not visited the children.

The second factual issue concerned whether the Mother had been unsuccessfully discharged from her inpatient substance abuse program. On this point, the evidence consisted of the supervisor testifying to the contents of conversations with the previous case manager and records (not entered into evidence) from the inpatient provider.

After the hearing, the trial court rendered the order under review changing the goal of the case plan as the Department requested. The Mother timely petitioned for review. In her petition to this Court, the Mother contends that, while the Court conducted an evidentiary hearing, the evidence on the core issues was limited to inadmissible hearsay.

ANALYSIS

The governing rule provides that the "case plan may be amended by the court or on motion of any party at any hearing to provide appropriate services to the child if there is competent evidence demonstrating the need for the amendment." Fla. Rule Juv. P. 8.420 (4). The parties disagree over whether hearsay qualifies as "competent evidence demonstrating the need for the amendment."

The Mother argues, by negative implication, hearsay is not admissible in hearings to amend case plans because hearsay in the form of reports is expressly allowed in three types of hearings, none of which are hearings to change case plans. See Fla. R. Juv. P. 8.305(5) (hearing to determine probable cause at a shelter hearing); Fla. R. Juv. P. 8.415(5) (hearing to conduct a judicial review of progress and compliance with case plan, which does not involve, but may trigger a hearing to amend the case plan); § 39.521, Fla. Stat. (2021) (a hearing concerning the temporary disposition of a child that has been adjudicated dependent or taken into custody because the parents could not be located). Because hearsay is expressly allowed in certain hearings, she argues, by implication it is not allowed in other hearings, like a hearing to amend a case plan.

In contrast, the Department argues that hearsay can qualify as "competent evidence demonstrating the need for the amendment." It does

so by also making an argument based on negative implication. It notes that the Juvenile Rules expressly require the Rules of Evidence to be followed in three types of hearings. See Fla. R. Juv. P. 8.330(a) (adjudicatory hearings); Fla. R. Juv. P. 8.347(g)(1) (supplemental adjudicatory hearings); Fla. R. Juv. P.8.525(a) (parental termination hearings). Because the express requirement is limited to adjudicatory hearings, the Department argues that, by implication, hearsay is admissible in other hearings that are non-adjudicatory like a hearing to amend a case plan.

Because of these conflicting inferences, this case is one of those that cannot be resolved by argument from negative implication. "Virtually all the authorities who discuss the negative-implication canon emphasize that it must be applied with great caution, since its application depends so much on context." Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 107 (2012)). Because this maxim is easily misapplied it has been dubbed "a valuable servant, but a dangerous master." Crews v. Fla. Pub. Employers Council 79, AFSCME, 113 So.3d 1063, 1071–72 (Fla. 1st DCA 2013) (citation omitted). See De La Osa v. Wells Fargo Bank, N.A., 208 So. 3d 259, 260 (Fla. 3d DCA 2016) (en banc) (declining to accept a negative implication when interpreting Rule 1.540 of the Rules of Civil Procedure).

6

We therefore return to basic principles. Rule 90.103 of the Florida Rules of Evidence provides that the rules apply "to civil actions and all other proceedings pending on or brought after October 1, 1981." While the specific exceptions allowing hearsay like those expressly made in Rules 8.330(a), 8.347(g)(1), and 8.525(a) discussed above govern over this general rule in those specific hearings, this general statement regarding the broad application of the rules of evidence in court proceedings strongly suggests that the rules of evidence govern where a rule refers, like the one at issue in this case, to "competent evidence."

We further note that a reference in a now-repealed statute to "competent evidence" being required to amend a case plan has been interpreted to exclude hearsay. R.C. v. Dep't of Child. & Fams., 917 So. 2d 241, 242 (Fla. 5th DCA 2005).

Finally, and more specifically, a case plan is initially approved based upon facts established at the adjudicatory hearing upon which the order of dependency is based. Fla. R. Juv. P. 8.410(4) (approval of a case plan must be based on "the facts, circumstances, and problems on which the court based its order of dependency for the child."). The adjudicatory hearing upon which the order of dependency is based must utilize "the rules of evidence in use in civil cases." Fla. R. Juv. P. 8.330(a). If the case plan can only be

approved by facts based on use of the rules of evidence, it stands to reason that the case plan can also only be amended by facts based on the use of the rules of evidence.

For these reasons, we concluded that inadmissible hearsay does not qualify as "competent evidence" of the sort required to amend a case plan under Rule 8.420(4) of the Florida Rules of Juvenile Procedure. This higher quality of evidence comports with the serious nature of a change in the case plan, like the one at issue, resulting in the withdrawal of services to reunify the parent and child and the re-focusing of the Department's resources to the termination of parental rights.

We are sympathetic with the outsized demands placed on the Department and the limited resources provided to it. Nevertheless, the Supervisor's verbal testimony to the contents of the visitation logs and of the records of the third-party inpatient substance abuse program (which were not themselves entered into evidence) constitutes hearsay. This hearsay does not provide a legitimate evidentiary basis to find that the Mother has not visited the children or that she improperly left her inpatient substance abuse program. At the same time, the records of the absent case manager of the two unsuccessful attempts to reach the mother and the subsequent successful contact, even if potentially admissible under the business records

exception (which we do not decide), fall far short of providing an evidentiary basis sufficient to find that the Mother was unreachable or failing to comply with the case plan justifying a change in the goal of the plan from reunification to adoption.

Petition granted; order quashed.